IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                              CRIMINAL NO. 1:06cr72LG-JMR-001

EDDIE EUGENE POLK

ORDER DENYING MOTION FOR SENTENCE
REDUCTION UNDER 18 U.S.C. § 3582(c)(2)

This cause is before the Court on the *pro se* motion of the defendant, Eddie Eugene Polk, [17] for retroactive application of the sentencing guidelines to his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on recent amendments to the sentencing guidelines applicable to offenses involving cocaine base, and the subsequent decision by the United States Sentencing Commission [Sentencing Commission] to make this amendment retroactive, pursuant to United States Sentencing Guideline § 1B1.10 [USSG] effective March 3, 2008.

Polk entered a guilty plea on May 2, 2007, to count one of the indictment. (Ct. R., Doc. 12.) He was sentenced on July 30, 2007, to term of 199 months incarceration, followed by 5 years of supervised release; and the mandatory special assessment of $100.00. (Ct. R., Doc. 13, pp. 2-3, 5.) Polk was sentenced based on 9.4 grams of cocaine base, according to the facts in Polk's motion. (Ct. R., Doc. 17, p. 2.) However, Polk is a career offender. Based on that finding, he was sentenced to a term of 199 months imprisonment.

USSG § 1B1.10(a) provides in relevant portion as follows:

(1) In General. In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's

term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.  A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . .

(B)  An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Thus, only if the retroactive amendment lowers the guideline range applicable to the defendant may the Court consider whether to exercise its discretion to grant a sentence reduction.  USSG § 1B1.10(a)(1).  In this case, Polk's sentence was not determined by application of the drug quantity table, but rather on his status as a "career offender," which triggered application of USSG § 4B1.1.  As a career offender, Polk's base offense level of 31 was determined by his offense level and criminal history.  *See* USSG § 4B1.1(A).  Accordingly, the crack cocaine amendment is of no consequence to Polk because the calculation of his base offense level was driven by his career offender status, rather than the quantity of drugs involved in the offense.  Because the defendant's applicable guideline range has not been lowered by Amendment 706, in accordance with USSG § 1B1.10(a) the Court finds that Polk's motion brought pursuant to 18 U.S.C. § 3582(c)(2) should be denied.

**IT IS THEREFORE ORDERED** that the motion for retroactive application of the sentencing guidelines to his sentence [17] pursuant to 18 U.S.C. § 3582(c)(2) be and is hereby denied.

**SO ORDERED AND ADJUDGED** this the 26th day of August, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE